## NUTTING *vs.* SCANNELL, Sheriff.

*Fourth Judicial District Court, May, 1857.*

### EXEMPTION OF MECHANICS' TOOLS—ESTOPPEL.

A judgment debtor is not bound to notify the Sheriff of his claim to the property as exempt from execution, before the day of sale.

The jury have the right to determine what property is "tools and implements of a mechanic, necessary to carry on his trade," under the statute.

This was an action in the nature of a replevin, to recover back a certain amount of tools and implements, valued at $600, used by the plaintiff in the prosecution of his business as a blacksmith in this city, which he claimed as exempt from execution. It appeared by the testimony in this case that Conroy & O'Connor recovered judgment against plaintiff, and by virtue of an execution, the defendant seized the property now in controversy. The tools and implements remained in the possession of the plaintiff until the day previous to the one they were advertised for sale, when the plaintiff notified the Sheriff that he claimed the property to be exempt from execution under the laws of this State.

Two questions presented themselves in this case :

1. It was contended by the defendant that the principle of estoppel debarred the plaintiff from maintaining this action, by neglecting or refusing to notify the Sheriff up to the day antecedent to the sale, of the fact that he claimed them as necessary implements of trade.

2. It appearing that the property sought to be recovered back included several bellows, several anvils and a punching machine, it was insisted by the defendant, that as the statutes provide only for necessary tools to be exempt from forced sale, and machinery was not freed thereby, the plaintiff was only entitled to a modicum of the property seized.

Trial by jury.

*Janes, Lake & Boyd,* for plaintiff.

*Brodie,* for defendant.

HAGER, J.—I shall charge the jury as follows : In this case the doctrine of estoppel would not hold good. It was not akin to a case where the property of a third party was seized on execution by the Sheriff, and he (the third party) stood by and saw the same sold without interfering, and afterwards claimed its return on the ground that it did not belong to the judgment debtor. Instances might occur where the debtor might be absent from home or out of the State, when the Sheriff would levy on execution, take possession of his goods, and by fact of his non-presence leave it out of his power to give such notice as should have been given, as claimed by defendant.

The point urged by defendant's counsel, that the machinery of the kind claimed by the plaintiff could not be retained by him, should be considerered by the jury in the light whether it was necessary for the successful carrying on of his business and to enable him to compete with others in his trade, and this same principle was to apply to the other implements which were alleged to be more than he was entitled to for that purpose.

I do not approve of the New York and Massachusetts cases cited, where it was held that a sewing machine was not a necessary implement of trade, and therefore not exempt from execution. In this case I would lay down the law to be, if a sewing machine or other instruments of that species in this age of progress is necessary to carry on a trade successfully, in order to compete without disadvantage, they would be, according to my view, not liable to seizure and forced sale.

In addition, if the jury consider that the number of bellows, anvils, etc., were required to carry on his trade, the provision of the statute on this subject would cover them.

The jury found a verdict for the plaintiff.